JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKIYA BENJAMIN-JOHNSON,<br>        Plaintiff,<br><br>            v.<br><br>NISSAN NORTH AMERICA,<br>INC., et al.,<br>        Defendants. | 2:24-cv-02338-DSF-AJRx<br><br>Order REMANDING Case |

      Defendant Nissan North America, Inc. (Nissan) removed this case based on diversity jurisdiction. However, Plaintiff and Defendant Lithia Nissan of Downtown Los Angeles are not diverse. Nissan nonetheless argues that removal is proper because Lithia Nissan was fraudulently joined.

      The Court disagrees. A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039,

1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

This case generally involves an allegedly defective Nissan automobile. In addition to various claims against Nissan itself, Plaintiff brought a claim against Lithia Nissan for negligent repair. While the allegations against Lithia Nissan are not very detailed, there is certainly a possibility that the state court would find that the complaint states a cause of action, and there is no reason to think that any deficiencies that might exist could not be cured by amendment. In fact, Lithia Nissan – represented by the same lawyers as Nissan – answered the complaint and there is no indication that any demurrer was filed.[1] Nissan also suggests that pretrial documents show that Plaintiff has abandoned her claim against Lithia Nissan, but Nissan does not indicate that Lithia Nissan has been formally dismissed.

The Court finds that Lithia Nissan was not fraudulently joined and that there is not complete diversity. The case is therefore REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: March 27, 2024

Dale S. Fischer
United States District Judge

---

[1] There is a separate issue of timeliness that the Court need not reach. The Court will note, however, that the grounds for Nissan's fraudulent joinder argument presumably would have been apparent long before the case was removed (1) one day short of the one-year limit set out in 28 U.S.C. § 1446(c)(1) and (2) close enough to trial that final pretrial documents have already been filed.